UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

       v.

CHARLES WESLEY RHODES,

       Defendant.

Crim. No. 07-289-HA
Civil No. 10-70005-HA

OPINION AND ORDER

HAGGERTY, District Judge:

    Defendant filed a Motion to Vacate, Correct, or Set Aside Sentence [87] pursuant to 28 U.S.C. § 2255. This court has considered all arguments, issues, and exhibits presented. For the following reasons, the Motion to Vacate, Correct, or Set Aside Sentence is denied.

1 - OPINION AND ORDER

## BACKGROUND

Defendant's conviction arose after an information was filed against him on July 27, 2007, on one count of mail fraud in violation of 18 U.S.C. §§ 2 and 1341 and one count of money laundering in violation of 18 U.S.C. §§ 2 and 1957. Defendant pled guilty pursuant to a plea agreement on August 7, 2007. The parties did not agree on a guideline sentencing calculation. Sentencing was set in November 2007, but was set over, and on March 11, 2008, Jacob Wieselman moved to withdraw as defendant's attorney. On April 21, 2008 the court appointed Michael Levine to represent defendant. On July 21, 2008, Kenneth Lerner was appointed as co-counsel for defendant. New counsel entered into negotiations with the government resulting in a superseding plea agreement. On January 8, 2009, defendant entered a plea of guilty pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). On February 17, 2009, the court accepted the agreement and sentenced defendant to ten years imprisonment. A restitution hearing was held on June 4, 2009, and defendant was ordered to pay restitution in the amount of $19,892,782.13.

## STANDARDS

Defendant's Motion is brought under 28 U.S.C. § 2255. That statute provides, in part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

A court should hold an evidentiary hearing "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. To earn the right to a hearing, a defendant is required to allege specific facts which, if true, would entitle the defendant to relief. *Ortiz v. Stewart*, 149 F.3d 923, 934 (9th Cir. 1998) (quoting *United States v. McMullen*, 98 F.3d 1155, 1159 (9th Cir. 1996)). Mere conclusory statements in a § 2255 motion are insufficient to require a hearing. *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993). If credibility can be decided based on documentary testimony and evidence in the record, no evidentiary hearing is required. *Shah v. United States*, 878 F.2d 1156, 1159 (9th Cir. 1989) (internal quotations and citation omitted). The court concludes that an evidentiary hearing is unnecessary.

In order to prevail on a claim for ineffective assistance of counsel, a defendant "must show (1) grossly deficient performance by . . . counsel, and (2) resultant prejudice." *Womack v. Del Papa*, 497 F.3d 998, 1002 (9th Cir. 2007) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). "Under *Strickland*, counsel's competence is presumed and thus [the defendant] must rebut this presumption by demonstrating that [counsel's] performance was unreasonable under prevailing professional norms and was not the product of sound strategy." *Lambright v. Schriro*, 490 F.3d 1103, 1116 (9th Cir. 2007).

Judicial scrutiny of counsel's performance is highly deferential; the Supreme Court has "declined to articulate specific guidelines for appropriate attorney conduct and instead [has] emphasized that 'the proper measure of attorney performance remains simply reasonableness under prevailing professional norms.'" *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (quoting *Strickland*, 466 U.S. at 688).

3 - OPINION AND ORDER

To establish ineffective assistance of counsel, a defendant must establish both deficient performance by counsel, and that the deficiency prejudiced the defendant. *Williams v. Calderon*, 52 F.3d 1465, 1469 (9th Cir. 1995). There is no need to evaluate the counsel's performance if the defendant fails to show that prejudice resulted from the counsel's alleged errors. *Strickland*, 466 U.S. at 697. Failure to make the required showing on either the "incompetence" prong or the "prejudice" prong defeats the ineffectiveness claim. *Id*. at 700.

Defendant must overcome a strong presumption that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *United States v. Palomba*, 31 F.3d 1456, 1460 (9th Cir. 1994) (quoting *Strickland*, 466 U.S. at 690). "The essence of an ineffective assistance of counsel claim is that counsel's conduct so undermined the proper functioning of the adversarial process" that the results of the subsequent trial or plea "cannot be relied on as having produced a just result." *Williams*, 52 F.3d at 1469 (internal quotations omitted).

To show prejudice, defendant must demonstrate "that the attorney's deficient performance prejudiced the defendant such that 'there is reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Doe v. Woodford*, 508 F.3d 563, 568 (9th Cir. 2007) (quoting *Strickland*, 466 U.S. at 688).

## ANALYSIS

Defendant contends that his previous counsel, Mr. Wieselman, provided ineffective assistance of counsel by working against defendant's best interests, antagonizing the government, receiver, and the court, placing his needs above defendant's needs, and interfering with defendant's relationship with Mr. Levine. The court has considered all issues presented.

Defendant's claims regarding counsel's performance at sentencing are rejected. The performance from Mr. Wieselman, even if deficient, had no impact on the terms of the superseding plea agreement negotiated by defendant's subsequent counsel.

There is no need to evaluate the counsel's performance if defendant fails to show that prejudice resulted from the counsel's alleged errors. *Strickland*, 466 U.S. at 697.

Defendant does not assert he would have rejected the government's plea offer and proceeded to trial but for the representation of Mr. Wieselman. Defendant's sentencing counsel considered withdrawing the plea based on a conflict by Mr. Wieselman and a motion to withdraw would likely have been successful. Plea Tr., 1/8/09, at 4. However, defendant did not attempt to withdraw the plea of guilty, and instead negotiated an 11(c)(1)(C) plea with the assistance of Mr. Levine and Mr. Lerner.

Defendant claims Mr. Wieselman's counsel resulted in a contempt of court charge against him and drew the ire of the court and the prosecution. Although defendant was held in contempt of court in a civil proceeding by a different judge for failure to turn over pre-answer discovery documents, this did not prejudice his sentencing by the undersigned judge. Under the terms of the 11(c)(1)(C) plea agreement negotiated by counsel, defendant pled to a sentence of 120 months. This term was far below the Presentence Report recommended sentence of 151 months. He took advantage of this generous plea rather than take the risk of a trial in a case involving 19 million dollars in losses. Defendant cannot avail himself of the plea agreement and then seek to avoid the sentence by claiming the counsel that represented him prior to the agreement was ineffective.

5 - OPINION AND ORDER

Although defendant's allegations against Mr. Wieselman, if proven true, might provide the basis for sanctions under the Oregon State Bar's rules of professional responsibility, they do not violate defendant's constitutional right to effective counsel.

## **CONCLUSION**

After considering the record and arguments presented, defendant's Motion to Vacate, Correct, or Set Aside Sentence [87] under 28 U.S.C. § 2255 is denied. Because petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability is DENIED.  See 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this   20   day of August, 2010.

                                                      /s/ Ancer L. Haggerty
                                                          Ancer L. Haggerty
                                                 United States District Judge